UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMELDA A.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br><br>Defendant. | Case No. 23-cv-06716-NW<br><br>**ORDER GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF Nos. 10, 11 |

Plaintiff Imelda A. ("Plaintiff" or "Ms. A.") seeks judicial review of the final decision by an Administrative Law Judge ("ALJ") denying her application for Title II and Title XVI disability benefits. Compl., ECF No. 1.[1] Plaintiff moved for summary judgment, *see* Plaintiff's Opening Brief, ECF No. 10 ("Brief"), and the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") opposed the motion and filed a cross-motion for summary judgment. Defendant's Cross Mot. for Summary Judgment, ECF No. 11 ("Defendant's MSJ").

Plaintiff argues that the ALJ erred by discrediting Plaintiff's statements regarding the extent of her fatigue, anxiety, and difficulty with job attendance, and by failing to take into consideration any limitations on her abilities as described by third-party testimony. Brief at 1. The Court finds that the ALJ did not err in evaluating Plaintiff's and the third party's testimony, and finds that substantial evidence supported the ALJ's determination. Pursuant to Civil Local Rule 16-5, the matter is submitted for decision without oral argument. The Court GRANTS Defendant's cross-motion and DENIES Plaintiff's motion.

---

[1] The Court partially redacts Plaintiff's name to mitigate privacy concerns, as suggested by the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See also* Fed. R. Civ. P. 5.2(c)(2)(B).

## I. BACKGROUND

Plaintiff initially filed an application for disability insurance benefits under Title II and Title XVI for a period beginning March 1, 2020, and later amended the start date to December 1, 2020. Administrative Record ("AR") 17, 390, ECF No. 9. Plaintiff requested a hearing in front of an ALJ after her claims were denied both initially and on reconsideration. AR 78, 99, 119. On September 28, 2022, Plaintiff appeared for a telephone hearing conducted by ALJ Ruxana Meyer. AR 35.

ALJ Meyer issued an unfavorable hearing decision on November 30, 2022. AR 14. ALJ Meyer considered the question of "whether the claimant is disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act," and concluded that Ms. A. "has not been under a disability within the meaning of the Social Security Act from December 1, 2020, through the date of this decision." AR 17-18. ALJ Meyer found that Ms. A.'s severe, medically determinable impairments included bipolar disorder, post-traumatic stress disorder, and generalized anxiety disorder. AR 20. ALJ Meyer identified that Ms. A. has a mild limitation "understanding, remembering or applying information" because Ms. A. shows "grossly intact memory, cognition, orientation, and attention, and linear and logical thought processes." *Id*. ALJ Meyer found that Ms. A. has moderate limitations with "interacting with others," "concentrating, persisting or maintaining pace," and "adapting or managing oneself." AR 20-21. ALJ Meyer noted that "[w]hile the claimant has [a] severe mental health impairment for which she is being treated including a brief April 2021 hospitalization during which drug screens were positive for THC with admitted cannabis use by the claimant, and during which she improved (5F/2-6); the claimant largely retains independent functioning in the community and activities of daily living are largely intact." AR 22.

ALJ Meyer concluded that Plaintiff was not disabled because Plaintiff has the functional capacity to perform work made up of one or two-step tasks "on a consistent and productive basis," with occasional interaction with others, and where there is no production-pace work, or work with hazardous moving machinery or unprotected heights. AR 28. Based on the vocational expert's

1  testimony, ALJ Meyer found that Plaintiff could perform the requirements of certain jobs, such as
2  Commercial or Institutional Cleaner, Cleaner II, or Housekeeping Cleaner. *Id*.
3       Plaintiff appealed ALJ Meyer's determination to the Appeals Council, which denied her
4  request for review on October 30, 2023. AR 1. Plaintiff sought review in this Court pursuant to
5  42 U.S.C. § 405(g). Brief at i.

## II. LEGAL STANDARD

Under the Social Security Act, a claimant is considered "disabled" if they meet two requirements. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *see also* 42 U.S.C. § 1382c(a)(3)(A)-(C) (the analysis is substantially similar under Title II and Title XVI). First, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). Second, the impairment or impairments must be severe enough that the claimant is unable to perform their previous work and cannot, based on their age, education, and work experience "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, examining: (1) whether the claimant is engaging in "substantial gainful activity"; (2) whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that has lasted for more than 12 months; (3) whether the impairment "meets or equals" one of the listings in the regulations; (4) whether, given the claimant's "residual function capacity," the claimant can still do her "past relevant work'" and (5) whether the claimant "can make an adjustment to other work." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

An ALJ's "decision to deny benefits will only be disturbed if it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal

quotation marks and citation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id*. Simply put, "[i]n Social Security cases, federal courts 'are not triers of fact'," *M. L. v. Kijakazi*, 2023 WL 1927735, at *3 (N.D. Cal. Feb. 10, 2023) (citations omitted), and if the record "can reasonably support either affirming or reversing, the reviewing court may not substitute its judgment for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks and citation omitted). "Finally, [a district court] may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. District courts have the power to enter a judgment, "upon the pleadings and transcript of the record," with or without remanding the complaint for a rehearing. 42 U.S.C. § 405(g).

## III.   DISCUSSION

Plaintiff seeks reversal and remand of the ALJ's decision on two grounds: (1) the ALJ failed to properly consider her statements regarding the extent of her fatigue, anxiety, and difficulty with attendance; and (2) the ALJ failed to incorporate the third-party testimony of Daniel Calderon in the evaluation of Plaintiff's limitations.

### A.   Whether the ALJ Improperly Discounted Plaintiff's Symptom Testimony

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for discrediting her testimony about her symptoms. Brief at 8.

In general, credibility determinations are the province of the ALJ. "It is the ALJ's role to resolve evidentiary conflicts. If there is more than one rational interpretation of the evidence, the ALJ's conclusion must be upheld." *Allen v. Sec'y of Health & Human Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984) (citations omitted). An ALJ is not "required to believe every allegation of disabling pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (citing 42 U.S.C. § 423(d)(5)(A)) *superseded on other grounds by* 20 C.F.R. §404.1502(a).

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or

other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation omitted). "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id*. (internal quotation marks and citation omitted). If the ALJ's assessment "is supported by substantial evidence in the record, [district courts] may not engage in second-guessing." *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

However, if an ALJ discredits a claimant's subjective symptom testimony, the ALJ must articulate "specific, cogent reasons" for their credibility determination. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). In evaluating a claimant's credibility, the ALJ "must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." *Greger*, 464 F.3d at 972 (quotations omitted); *see also Thomas*, 278 F.3d at 958 (ALJ must articulate reasons that are "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony").

The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

Here, applying the two-step analysis, ALJ Meyer first determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 23. Next, given that Plaintiff met the first step of the test, and ALJ Meyer found no evidence of malingering, ALJ Meyer was required to provide "specific, clear and convincing reasons for" discrediting Plaintiff's testimony regarding the severity of her symptoms. *Lingenfelter*, 504 F.3d at 1036. ALJ Meyer reasoned that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the

medical evidence and other evidence in the record for the reasons explained in this decision." AR 23.

The ALJ identified several examples of where Plaintiff's testimony did not align with the evidence. *Id*. First, ALJ Meyer considered Plaintiff's testimony of "a history of anxiety that had been worsening over the past two years," which "affected her ability to socialize and communicate effectively with family and friends, and that she had trouble being out in public." AR 24. But, ALJ Meyer compared that testimony with Plaintiff's mental status examination which showed "a flat mood and constricted, blunted affect," and "good grooming, good eye contact, cooperative manner, normal speech, coherent thought process, normal orientation, grossly intact memory and attention, appropriate insight, adequate judgment, and no hallucinations and no suicidal or homicidal ideation." *Id*.

Second, ALJ Meyer looked to Plaintiff's testimony about "worsening anxiety and mood instability while off antipsychotics" and that Plaintiff reported that she was "not doing so well" to her psychiatrist, including that "she had COVID and then felt depressed because she lost her routine; stopped taking her medication; and reportedly had exposure therapy, which was testing her anxiety." *Id*. ALJ Meyer compared this testimony to evidence from the mental status examination which found Plaintiff to be "cooperative and engaged" but showing "distressed behavior with rapid and distressed speech, a dysthymic, tearful, and distressed affect, and limited insight and judgment." *Id*.

Third, ALJ Meyer explained that Plaintiff was "psychiatrically hospitalized from April 19-23, 2021[,] on an initially involuntary basis and converted to a voluntary status," and that Plaintiff "admitted cannabis use" and was "non-compliant with medications." *Id*. ALJ Meyer identified that "with treatment she became increasingly linear, less paranoid, and had more insight; providers noted that she was at times social with select peers," and that Plaintiff was "consistently compliant with all medications and did not have any behavioral events during the brief stay such that at discharge, she was without acute mood or psychotic symptoms and showed improved insight." *Id*.

ALJ Meyer concluded that Plaintiff had testified to the effects of anxiety and depression, which were corroborated by mental status examinations, however, such effects were "intermittent

or in the context of medication noncompliance." *Id*. Moreover, ALJ Meyer found that "claimant's impairments have been treated with medications, regular counseling, and psychiatric care for medication management." *Id*., *see Smolen*, 80 F.3d at 1284 (ALJ may consider "ordinary techniques of credibility evaluation," including "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.").

The Court finds that ALJ Meyer did not shortchange Plaintiff's testimony, but rather acknowledged Plaintiff's challenges throughout the analysis. While ALJ Meyer recognized the effects of anxiety and depression on Plaintiff's experiences, ALJ Meyer concluded that, "these were intermittent or in the context of medication noncompliance." AR 24. ALJ Meyer articulated reasons that are "sufficiently specific" to indicate that ALJ Meyer "did not arbitrarily discredit claimant's testimony." *Thomas*, 278 F.3d at 958 (the reviewing court should not "engage in second-guessing" when ALJ's evaluation is supported by substantial evidence and is not based on legal error).

**B.  Whether the ALJ Failed to Incorporate Mr. Calderon's Testimony**

Plaintiff argues that ALJ Meyer failed to provide germane reasons for discounting the lay witness testimony of Plaintiff's partner, Mr. Calderon. Brief at 14. Mr. Calderon and Plaintiff live together. Brief at 15; AR 301.

A lay witness's testimony about a claimant's symptoms or how an impairment affects the claimant's ability to work is relevant evidence. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The parties dispute whether an ALJ is still required to provide germane reasons for discounting lay witness testimony under the new regulations, *see* 20 C.F.R. §§ 404.1520c(d). Defendant's MSJ at 6; Plaintiff's Reply Brief, 4, ECF No. 12. Defendant argues that an ALJ is "not required to articulate how [they] consider evidence from nonmedical sources" under the new regulations. 20 C.F.R. §§ 404.1520c(d). While the Ninth Circuit noted in 2023 that they had not yet addressed the issue, more recently the Ninth Circuit suggested that they are leaning toward not requiring ALJs to articulate how they consider evidence from nonmedical sources. *See Stephens v. Kijakazi*, 2023 WL 6937296, at *2 (9th Cir. Oct. 20, 2023) ("We have not yet addressed whether under the new regulations an ALJ is still required to provide germane reasons for discounting lay witnesses.");

7

*compare Kennedy v. O'Malley*, 2024 WL 242992, at *2 (9th Cir. Jan. 23, 2024) (holding that any error ALJ had made in discrediting the lay witness's testimony was harmless, but noting that "an ALJ is 'not required to articulate how [she] considered evidence from nonmedical sources' under the new regulations.").

This Court likewise does not need to definitively resolve this issue, because irrespective of the standard, any error by ALJ Meyer in rejecting testimony by Mr. Calderon was harmless. "[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina*, 674 F.3d at 1115 (9th Cir. 2012) (citation omitted).

Mr. Calderon provided statements that overlapped with Plaintiff's testimony about her symptoms. For example, Mr. Calderon discussed Plaintiff's anxiety and said she used to be "able to be more social and interactive . . . but now she does not interact with anyone. She doesn't want to do simple things like grocery shop because she starts having panic attacks." AR 302. Plaintiff likewise explained, and ALJ Meyer considered, that Plaintiff's anxiety "affected her ability to socialize and communicate effectively with family and friends, and that she had trouble being out in public." AR 24. Because Mr. Calderon's statements substantially overlapped with and were consistent with Plaintiff's testimony, any error in not considering Mr. Calderon's testimony did not negate the validity of ALJ Meyer's conclusion.

While ALJ Meyer considered the limitations described by Plaintiff, ALJ Meyer concluded that the medical evidence conflicted with Plaintiff's testimony. AR 24. ALJ Meyer reasonably rejected Plaintiff's statements, and therefore, also reasonably rejected Mr. Calderon's lay witness statements. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) ("the ALJ provided clear and convincing reasons for rejecting [Plaintiff's] own subjective complaints," "it follows that the ALJ also gave germane reasons for rejecting [lay witness'] testimony" which "was similar to such complaints").

/ / /

/ / /

/ / /

## IV. CONCLUSION

The Court finds that the ALJ's determination is supported by substantial evidence. The Court GRANTS Defendant's cross-motion for summary judgment and DENIES Plaintiff's motion for summary judgment and remand.

**IT IS SO ORDERED.**

Dated: June 18, 2025

Noël Wise
United States District Judge